[Cite as *Gilbert v. Mollis*, 2024-Ohio-2246.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| KARYN L. GILBERT | C.A. No. 30889 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHEN J. MOLLIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2022 CV 00042 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2024

STEVENSON, Presiding Judge.

{¶1} Appellant Stephen J. Mollis appeals from the judgment of the Summit County Probate Court dismissing the case and approving a settlement agreement with an amendment. For the reasons set forth below, we reverse.

I.

{¶2} Siblings Mollis and Appellee Karyn L. Gilbert are co-trustees of their mother's trust, the Frances L. Mollis Revocable Trust (the "Trust"). There is no dispute that, pursuant to the Trust, all Trust property is to be equally distributed between the siblings.

{¶3} Gilbert filed a complaint in the common pleas court, probate division, alleging that Mollis failed to cooperate with the disposition of Trust property. Gilbert's complaint asserted claims for removal of trustee, breach of trust, and breach of fiduciary duty. Mollis denied the material allegations of the complaint.

**{¶4}** Gilbert and Mollis settled their dispute at mediation. A report of mediation informed the court that the case was settled with a dismissal entry to follow.

**{¶5}** Almost thirteen months later, Mollis filed an unsigned motion asking the court to re-open the case. The trial court struck Mollis's unsigned motion and noted in its order that it "does not have a copy of the settlement [agreement] and has not received a dismissal entry." The court "urge[d] the parties to resolve any remaining issues and file a dismissal when appropriate."

**{¶6}** Gilbert subsequently filed an "update to the court's * * * order," notifying the court that "only one remaining item outlined in the parties' settlement agreement * * * has not been completed." According to Gilbert, the only remaining issue pertained to a federal IRS tax refund that, once received, the siblings would split pursuant to the Trust. Gilbert asserted that Mollis, as the designated person on IRS tax forms, needed to contact the IRS to inquire as to the status of the refund. Gilbert represented that Mollis refused to contact the IRS and that, as such, she will file paperwork with the IRS so that they will talk to her about the refund. Gilbert informed the trial court that "[o]nce the federal tax refund is obtained, [she] will file a dismissal with prejudice in accordance with the Settlement Agreement."

**{¶7}** Mollis argued in response that he made numerous calls to the IRS about the status of the refund. An IRS supervisor allegedly informed Mollis that refund information would only be provided to an executor/administrator or pursuant to court order. Because an estate had never been opened, an executor/administrator had never been appointed for Mother.

**{¶8}** Mollis also argued that Gilbert improperly closed a Huntington checking account, which was also Trust property. Mollis asserted that, per the settlement agreement, the Huntington account was to remain open until the IRS tax refund was deposited. Gilbert was to close the Huntington account and equally distribute the funds after the deposit of the IRS refund. Mollis

argued that Gilbert closed the Huntington account without the IRS tax refund and that she failed to give him an equal portion of account funds. Mollis informed the court that the parties "are at an impasse" and he requested "a show cause hearing be scheduled to resolve [the] case."

{¶9} The trial court dismissed the case and approved the settlement agreement with an "amendment." The trial court ordered that Gilbert retain the amount in the Huntington checking account and that she close said account. The court ordered Mollis to take necessary steps to access the IRS tax refund and that he could then retain the proceeds for himself.

{¶10} Mollis appeals the trial court's judgment entry, raising two assignments of error for our review. We address the assignments of error out of order because the second assignment of error is dispositive of this appeal.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN MODIFYING THE TERMS OF A MUTUALLY AGREED UPON SETTLEMENT AGREEMENT WHERE SAID TERMS WERE UNAMBIGUOUS AND CLEAR.**

{¶11} Mollis argues in his second assignment of error that the trial court erred in modifying the terms of the settlement agreement where said terms were unambiguous and clear. For the reasons set forth below, we agree that the trial court erred when it unilaterally amended the parties' settlement agreement.

{¶12} The parties do not dispute they entered into a settlement agreement. A trial court may issue a journal entry approving a settlement agreement provided the journal entry "*accurately reflects* the terms of the agreement * **." (Emphasis in original.) *Santomauro v. Sumss Property Mgt., LLC*, 9th Dist. Summit Nos. 29032, 29217, 2019-Ohio-4335, ¶ 45. "A trial court may not unilaterally modify the clear and unambiguous terms of a settlement contract entered into by the

parties." *Cuyahoga Falls v. Wells*, 9th Dist. Summit No. 19959, 2001 WL 81260, *3 (Jan. 31, 2001). It is reversible error for a trial court to unilaterally amend a settlement agreement. *Id.* at *3; *see also Santomauro* at ¶ 45.

{¶13} The parties in *Wells* entered into a settlement agreement wherein they agreed who was responsible for paying liens and accruing interest with a specified interest accrual date. *Wells* at *3. Despite the parties' agreement, the trial court unilaterally extended the interest accrual date and amended the party responsible for paying certain liens. *Id.* The city appealed and this Court remanded the matter, concluding that the trial court improperly modified the parties' settlement agreement. *Id.* As previously noted, this Court concluded in *Wells* that it is reversible error for a trial court to "unilaterally modify the clear and unambiguous terms of a settlement contract entered into by the parties." *Id.*

{¶14} Mollis and Gilbert agreed that they entered into a settlement agreement and that all Trust property was to be equally split among the siblings. Mollis and Gilbert agreed that the remaining Trust property included an outstanding IRS tax refund and Huntington checking account.

{¶15} Neither Mollis nor Gilbert moved for a court order requesting any amendment to their agreement. Rather, Gilbert informed the court that, "in accordance with the Settlement Agreement[,]" she would file a dismissal once the IRS tax refund is received. Without a motion from either party, the trial court approved the parties' settlement agreement with a unilateral "amendment." The trial court amended the settlement agreement, ordering that Gilbert "retain for herself the amount in the checking account and close it" and that Mollis "shall take all necessary steps to access the tax return and retain for himself the proceeds." While the trial court did not take any evidence, it appears from the pleadings that the bank account and the tax refund were not

equal, and the court's "amendment" modified the parties' agreement of an equal distribution of assets. Accordingly, this unilateral "amendment" is a clear modification of the parties' agreement to divide the trust assets equally and is beyond the scope of the trial court's authority under *Wells*.

{¶16} We conclude that the trial court erred in amending the parties' settlement agreement. Accordingly, Mollis's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN ISSUING AN ORDER TO ENFORCE A SETTLEMENT AGREEMENT BEFORE HOLDING AN EVIDENTIARY HEARING.**

{¶17} Mollis argues in his first assignment of error that the trial court erred in ordering to enforce a settlement agreement before holding an evidentiary hearing. We decline to address the merits of this assignment of error as our disposition of the second assignment of error is dispositive of this appeal.

### III.

{¶18} Mollis's second assignment of error is sustained. We decline to address the merits of the first assignment of error as our disposition of the second assignment of error is dispositive of this appeal rendering it moot. The judgment of the Summit County Probate Court is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

STEPHEN J. MOLLIS, pro se, Appellant.

MARK J. SKAKUN and MATTHEW D. SMITH, Attorneys at Law, for Appellee.